**Dated: January 17, 2014**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
Todd L. Russell,　　　　　　　　　　　　　　Case No. 12-81754-TRC
　　　　　　　　　　　　　　　　　　　　　　Chapter 13

　　　　　　Debtor.

### ORDER REGARDING ATTORNEY'S FEES

Before the Court is the Application for Allowance of Attorney's Fees filed by Debtor's Attorney Greggory T. Colpitts (Docket Entry 86) and Chapter 13 Trustee's Response (Docket Entry 95). The Court held a hearing on this matter on November 13, 2013. Having reviewed the Application and supporting documentation, the Trustee's Response, and considering applicable law, the Court hereby enters its findings of fact and conclusions of law in support of its decision to approve the Application except as noted herein.

Background

Debtor is employed but also operates a small business, Russell's Stop n Shop, a convenience store in Hitchita, Oklahoma. This store generates approximately $50,000.00 each month in gross income. Debtor's schedules reflect that at filing, he owned real estate valued at approximately

$825,000.00 and personal property of approximately $175,000.00. His real estate consisted of five parcels, three of which are commercial properties.

Mr. Colpitts seeks approval of attorney fees of $ 8,584.82 incurred in representing Debtor since October 29, 2012, and continuing through the filing of the Application on September 27, 2013. Colpitts was paid a retainer of $1,300.00 prepetition, and seeks to have the remainder of his fees paid through the confirmed Chapter 13 Plan.[1] He also seeks an award of costs totaling $199.28. Colpitts' hourly rate is $250.00 and his Application is for 32.95 hours of attorney time. His administrative assistant has billed 6.23 hours at $65.00 per hour. Colpitts' Disclosure of Compensation states that his fee for the case is the presumptive fee of $ 3,750.00, subject to the following provision:

> 7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
>
> Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary or contested matter proceeding.
>
> In Chapter 13 Bankruptcy Cases, attorney time, legal assistant time, and expenses will be billed against the file at the rate of $250.00 per hour for attorney time, $55.00 per hour for legal assistant time (or the firm's current billing rates), and actual expenses. If such time and expenses exceed the amount stated above, an application to the Court may be made for additional fees and expenses to be paid through the Chapter 13 Plan or by the Debtor(s) as the Court orders may provide.

Trustee objects to the total requested because it represents more than twice the presumptive fee of $3,750 for Chapter 13 cases in this District. He does not dispute the veracity of Colpitts' time records nor question the quality of services. However, he asks the Court to cap Colpitts' fees at $5,250.00, and suggests that this amount be adopted as a reasonable, presumptive fee for a basic chapter 13 business case in this District. Trustee also requests that this Court implement a sliding scale of presumptive fees for various circumstances, identify a list of services attorneys must provide to earn the presumptive fee, and establish guidelines for disbursement of fees to attorneys throughout a plan.

---

[1]The Plan was confirmed on September 20, 2013 (Docket Entry 84).

Review of Application

Debtors' counsel are required to disclose their fee agreements to the Court, pursuant to 11 U.S.C. § 329. Where additional fees are requested, § 330(a)(3) governs the award of reasonable attorney fees:

> (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Section 330(a)(4)(B) also provides that, when approving a reasonable fee for debtor's counsel in a chapter 13 case involving an individual debtor, a court may consider the "benefit and necessity of such services to the debtor and the other factors set forth in this section."

Bankruptcy courts have wide discretion in awarding attorney fees. *Market Center East Retail Property, Inc. v. Lurie (In re Market Center East Retail Property, Inc.),* 730 F.3d 1239, 1250 (10th Cir. 2013). A bankruptcy court must consider the factors set forth in § 330, as well as those in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Market Center East Retail Property,* 730 F.3d at 1250. The *Johnson* case cites twelve factors to consider, some of which are "siblings" to those listed in § 330(a)(3): time and labor required; novelty and difficulty of the

questions; skill requisite to perform the legal service properly; preclusion of other employment; customary fee; whether fee is fixed or contingent; time limitations of the case; amount involved and results obtained; experience, reputation, and ability of attorney; "undesirability" of the case; nature and length of the professional relationship with the client; and awards in similar cases. *Johnson,* 488 F.2d at 717-19. The bankruptcy court also has wide discretion to determine how much weight to give these factors. *Market Center East Retail Property,* 730 F.3d at 1250. The Court is not bound by the parties' compensation agreement. *Id*. at 1251.

This Court established a presumptive, "no-look" fee of $ 3,750.00 for all individual and small business chapter 13 cases in *In re Mullings,* 2006 WL 2130648 (Bankr. E.D. Okla. 2006). Subsequently, this Court held that the presumptive fee includes one "free" post-confirmation modification to the plan. As stated in *Mullings*, attorneys should keep contemporaneous time records that identify work performed, as the Court may consider enhancement of fees above the presumptive rate. As provided in 11 U.S.C. § 329, this Court may also reduce a fee below the presumptive fee if the attorney's performance does not meet the high professional standards set by this Court.

The Court has reviewed Mr. Colpitt's fee application in light of the factors set forth in § 330 and *Johnson*. This case involves a small business owned by the Debtor, with several tracts of commercial property. Mr. Colpitts stated that he needed to negotiate a sale of the commercial real estate and the convenience store in order to have a successful chapter 13 case. This required additional attorney time that a typical chapter 13 case does not. As a a small business owner in bankruptcy, Debtor is required to submit certain reports and information that a non-business owner does not have to provide. His convenience store business requires that he collect and remit sales tax, and prepare sales tax and withholdings reports for the Oklahoma Tax Commission. And, he must

prepare and file monthly operating reports with the Trustee's Office, which are not required to be filed in a basic individual wage-earner bankruptcy case.

The time entries submitted reflect that this case is not an average chapter 13 case. The documentation provided is extraordinary in its detail, and is a model for contemporaneous time entries. Many time entries involve conferences with county, state and federal taxing authorities, reviewing and preparing tax reports, monthly operating reports, amending four years of tax returns, amending schedules, and obtaining required permits, licenses and business registrations. The Court finds no duplication of services in the time entries, nor is the time spent unreasonable for the tasks performed. Most time entries are for small increments, and are commensurate with the complexity of the task performed. The division of tasks between Mr. Colpitts and his administrative assistant reflects a proper allocation of professional resources. The tasks performed by Mr. Colpitts were those that required an attorney's expertise and knowledge, and that should not have been performed by a less-costly employee. The work performed also appears necessary to the goal of confirmation and completion of a plan and discharge, thus highly beneficial to the Debtor. The time spent on each service is reasonable, except in two instances. The Court disallows the time entry on December 18, 2012 to telephone a judge's chambers to advise that the bankruptcy had been filed. The Court also disallows the time entry on May 7, 2013 to telephone Debtor regarding the status of documents from CPA and a continued 341 meeting. This results in the reduction of $100 from the Application.

The Court also finds that the hourly rate of $ 250.00 charged by Mr. Colpitts and $ 65.00 for his administrative assistant is reasonable for this District. Mr. Colpitts is an experienced and knowledgeable professional, and this Court agrees with the Trustee that he is "an exceptional attorney with impeccable integrity." He is board-certified in consumer bankruptcy. The Court reads and reviews numerous attorney fee applications in bankruptcy cases, adversary proceedings, and

appeals to the Bankruptcy Appellate Panel in this Circuit. Thus, it is well aware of the range of hourly fees charged by attorneys handling bankruptcy and related cases. The compensation requested and time spent on the tasks performed is customary and typical of other fee applications this Court reviews. The tasks appear to have been performed in a reasonable amount of time, given the circumstances of addressing tax issues, evaluating the business practices of the Debtor's store, and making decisions regarding the future of that business.

This Court believes that its procedure regarding review and approval of attorney fees in chapter 13 cases has worked quite well over the past seven years. Few cases have involved contested fee applications. Where attorneys have requested fees above the presumptive rate, the Court has been able to review and approve or deny the applications without extensive, or extraordinary amounts of time or resources. The Court cannot determine the make-up of an attorney's caseload and assess how many "easy" cases requiring less time he or she may have and balance those against the number of "difficult" cases requiring more time, and thus approve a fee application in a particular case based upon that assessment, as suggested by the Trustee. Nor can the Court make such a comparison or assessment of caseloads of the chapter 13 attorneys practicing in this District. Instead, the Court must rely upon the experienced assessments and professional integrity of counsel practicing before this Court regarding the need to seek an enhancement of their presumptive fee. Each case filed has unique circumstances. The Court prefers to analyze each case and fee application on its own factual situation and merits. Reviewing fee applications on a case by case basis is not a burden to this Court. Thus, the Court declines to set a sliding scale of presumptive fees for various circumstances, to identify a list of services attorneys must provide to earn the presumptive fee, or to direct the Trustee to hold back and delay payment of a portion of attorney fees in all cases to account for unforeseen circumstances.

IT IS THEREFORE ORDERED THAT the Application for Allowance of Attorney's Fees filed by Debtor's Counsel Greggory T. Colpitts (Docket Entry 86) is approved in the amount of $ 8,484.82 for attorney fees, and $ 199.28 for costs. The balance due Mr. Colpitts after deducting the retainer and other amounts that may have been paid shall be paid in accordance with the terms of the confirmed Chapter 13 Plan.

###